UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00237-FDW-DCK

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the IndyMac Mortgage Passthrough Certificates Series 2006-AR19, under The Pooling and Servicing Agreement Dated June 1, 2006, and ONEWEST BANK FSB,<br><br>    Plaintiffs,<br><br>vs.<br><br>DHEERAJ AHLUWALIA, JOSE LEONARDO JIMENEZ, and JANE DOE (any spouse of Jose Leonardo Jimenez),<br><br>    Defendants. | ORDER |

THIS MATTER is before the Court on Plaintiffs' Motion for Default Judgment Against Dheeraj Ahluwalia (Doc. No. 12). Plaintiffs' motion seeks a default judgment against Ahluwalia on all counts alleged in the Complaint against him. In sum, Plaintiffs' complaint seeks to collect money owed by Defendant Ahluwalia pursuant to a promissory note and to foreclose on the real property pledged as collateral for the promissory note. Defendant Jose Leonardo Jimenez, who is not a party to the promissory note, asserts that he is the current owner of the pledged real property. Plaintiffs' complaint asserts three causes of action: (1) Action on the Promissory Note against Ahluwalia; (2) "Alternative Equitable Lien/Resulting Trust/Constructive Trust" against the real property, a claim which affects the rights of both Ahluwalia and Jimenez; and (3) "Judicial Foreclosure" on the real property. (Doc. No. 1). In the Complaint's prayer for judgment, Plaintiffs also seek "from defendants, jointly and severally its reasonable attorneys' fees and litigation expenses . . . ." (Doc. No. 1, p. 10).

The Clerk entered default against Defendant Ahluwalia on July 10, 2012, and he has not otherwise responded to the instant motion or any other pleading. Co-Defendant Jose Leonardo Jimenez responded in opposition to the motion at bar, arguing it should be denied because it could affect his liability as a non-defaulting defendant. (Doc. No. 13). Plaintiffs replied, tailoring their argument for default judgment by arguing the claims against Ahluwalia do not affect the foreclosure aspect of the litigation related to Defendant Jimenez. (Doc. No. 16). To the contrary, the allegations of the Complaint make clear that the Ahluwalia Deed of Trust, which provides security for the promissory note that is the core of the motion for default judgment, is intertwined with the allegations against Jimenez. Moreover, Plaintiffs submit that "In the event Plaintiffs successfully collect from Defendant Ahluwalia, the issue of foreclosure is moot." (Doc. No. 16, p. 5). Such statement indicates the related nature among the causes of action.

Although Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment, Rule 54(b) of the Federal Rules of Civil Procedure also applies in this instance because Plaintiffs seek default judgment against fewer than all the parties. Rule 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In a case over a century old and well before the adoption of Rule 54(b), the Supreme Court disapproved of entry of "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause . . . ." Frow v. De La Vega, 82 U.S. 552, 554 (1872).

Frow involved claims of joint liability amongst all the defendants. In that case, the Supreme Court held that, generally, in order to avoid the risk of inconsistent judgments in a multi-defendant case, the "true mode of proceeding . . . is simply to enter a default" against the defaulting party, and to "proceed with the cause upon the answers of the other defendants." Id. The Court explained its rationale for the rule, saying "if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike--the defaulter as well as the others." Id. Almost 100 years later (and notably, after the adoption of Rule 54 of the Federal Rules of Civil Procedure), the Fourth Circuit extended the application of Frow. U.S. for Use of Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1967).

> Although Frow was a case of joint liability, we think the procedure established for multiple defendants by Rule 54(b) is strikingly similar and applicable not only to situations of joint liability but to those where the liability is joint and/or several. Such an interpretation finds some support in the common law: "there may be entered an interlocutory judgment of default against the defaulting defendant, but a final judgment cannot be entered on the default until the issue as to the other defendants is successfully disposed of." 49 C.J.S. Judgments § 191b(2), at 329 (1947).

Id. at 944-45. In that case, the court held the default judgment appealed from to be interlocutory in nature by reference to Rule 54(b), even though the plaintiff took voluntary dismissals against the non-defaulting defendants after entry of the default judgment in an effort to confer jurisdiction on the appellate court. The Fourth Circuit disagreed, noting "in this case the judgments entered against the surety (Peerless) were not final decisions when entered and are not accorded finality by the subsequent dismissals of the claims against the contractor . . . particularly because the plaintiffs not only have the right under Rule 41 to reinstitute the complaint but actually intend doing so." Id. at 944. The court dismissed the appeal.

More recently, the Eastern District of Virginia followed both Frow and Peerless and

declined to enter default judgment when the defaulting and non-defaulting defendants were not necessarily jointly liable, but were "similarly situated" with respect to the facts. Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. 580, 583 (E.D. Va. 2000). The court noted, "This is clearly a case in which premature entry of default judgment against one defendant risks unavoidable inconsistency with a later judgment concerning the other defendant in the same action." Id.

Here, it appears that the claims against Defendants are separate but related, particularly where Plaintiffs seek a monetary judgment on the promissory note and foreclosure on the property that Jimenez claims to own. To allow a default judgment against Ahluwalia now and to also permit a subsequent judgment on all claims related to Jimenez, a non-defaulting defendant, could entitle Plaintiffs to a double recovery. Accordingly, Plaintiffs have not shown and the Court cannot conclude there is no just reason for delay. For the reasons below, the Court DENIES Plaintiff's motion without prejudice so that the motion may be filed again at the appropriate time. The Clerk's Entry of Default, however, is not without effect. Indeed, as in Peerless and Phoenix Renovation, Defendant Ahluwalia has now lost standing in court and cannot participate in any trial of the claims.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Default Judgment (Doc. No. 12) is DENIED WITHOUT PREJUDICE to be filed again at the appropriate time.

IT IS SO ORDERED.

Signed: February 22, 2013

Frank D. Whitney
United States District Judge